UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCED SOFTWARE DESIGN CORPORATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:07CV185 CDP |
| FISERV, INC., | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

On August 31, 2009, I granted summary judgment in defendant Fiserv Inc.'s favor, awarding Fiserv judgment on plaintiffs' complaint and ordering that plaintiffs shall take nothing. I also entered judgment in favor of Fiserv on its counterclaim. Fiserv had now filed a bill of costs seeking $67,243.13.

Under Rule 54(d), Fed. R. Civ. P., "costs — other than attorney's fees — should be allowed to the prevailing party." The specific costs that are recoverable are set out in 28 U.S.C. § 1920 as follows:

(1)  Fees of the clerk and marshal;

(2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

As a preliminary matter, I will deny plaintiffs' request that I delay any award for Fiserv's bill of costs until plaintiffs' appeal is decided. In response to Fiserv's bill of costs, plaintiffs first challenge the costs associated with the depositions of certain witnesses, arguing that Fiserv should not be permitted to recover deposition fees for both stenographic transcription and video costs. The Eighth Circuit has recently held that these costs are recoverable under 28 U.S.C. § 1920, *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897-98 (8th Cir. 2009), and so I will allow them. Accordingly, court reporter fees in the amount of $18,226.15 are taxable. Second, plaintiffs object to Fiserv's claim for $49,016.98 for printing and exemplification and copies of papers necessarily obtained for use in the case. Fiserv's printing and copying costs for production of documents and for exemplification are recoverable under 28 U.S.C. § 1920(3) & (4), and I will allow Fiserv to recover $9247.11 for these costs. I agree with plaintiffs, however, that Fiserv is not entitled to recover costs for its third-party technology consultant fees, although the sum allowed above includes $491.93 paid to the consultants for printing the graphics they produced. I also conclude that Fiserv cannot recover the per-page amount it charges its clients for submitting

pleadings and briefs to the court through the electronic case filing system. Thus, fees for printing and for exemplification and copies of papers in the amount of $9247.11 are taxable.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for a bill of costs [#187] is granted to the extent that the Clerk of the Court shall tax costs in the amount of $27,473.26.

                                          _____
                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2009.