UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADVANCED SOFTWARE DESIGN CORPORATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )    Case No. 4:07CV185 CDP ) |
| FISERV, INC., | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This patent infringement case is before me on remand from the United States Court of Appeals for the Federal Circuit. Plaintiff Advanced Software holds the rights to a patent titled "Apparatus and Method for Enhancing the Security of Negotiable Instruments." I granted summary judgment to defendant Fiserv, holding that it did not infringe the patent. The Federal Circuit reversed the summary judgment ruling that Fiserv did not directly infringe, and vacated the ruling that Fiserv was not liable for inducing infringement. The Court also concluded that my claims construction was incorrect.

Fiserv now again seeks summary judgment relating to the claim of inducing infringement, this time on the sole basis that Advanced Software failed to timely disclose this claim. Having fully reviewed the parties' briefs and reconsidered the record that was before me previously, I conclude that the claim of induced

infringement was adequately disclosed, and so I will deny Fiserv's renewed motion for summary judgment on the issue of induced infringement.

I enter this ruling reluctantly, because the previous briefing on the issue of inducement was minimal and the parties conducted no discovery on the issue. It appears to me that both parties considered the issue an afterthought, and Advanced Software made very little attempt to argue that the claim was either timely or supported by evidence. The claim nonetheless was pleaded, and while it was not specifically set out in the infringement contentions, I believe that Fiserv was on notice that Advanced Software was asserting the claim.

I am concerned that the parties' lack of discovery on the issue may prejudice one side or the other. If either side believes that the current Case Management Order should be adjusted to allow discovery on the inducement issue, counsel should file an appropriate motion, after conferring with opposing counsel. Additionally, I am today referring the case to mediation, as I believe further efforts with a new mediator may assist the parties in resolving this dispute.

## **Background**

Advanced Software originally filed its complaint on January 22, 2007. Counts IV, V, and VI claimed infringement by Fiserv of U.S. Patents, Nos.

6,792,110 ('110 patent), 6,549,624 ('624 patent), and 6,233,340 ('340 patent), respectively.[1] The complaint alleged:

> Fiserv has infringed the '110 patent and continues to infringe the '110 patent by itself performing processes encompassed by one or more claims of the '110 patent, *and/or by inducing* or contributing to the practice by others of processes encompassed by one or more claims of the '110 patent. Upon information and belief, Fiserv's infringement has been knowing and willful. Such infringement will continue unless enjoined by the Court.

Complaint, docket entry # 1, at ¶ 42 (emphasis added). On December 6, 2007, I issued a Case Management Order setting a March 21, 2008 deadline for Advanced Software to "identify all infringement contentions." Fiserv propounded interrogatories asking the basis for any claim that "Fiserv" or "any Fiserv product" infringed the patent, but Advanced Software responded by stating it would provide the infringement contentions at the time required by the Case Management Order.

Advanced Software provided its preliminary infringement contentions on March 21, 2008. It asserted that "Fiserv is infringing . . . U.S. Patent No. 6,792,110" and that "Fiserv's Secure Seal line of products literally infringe U.S. Patent No. 6,792,110." In a claim chart, Advanced Software delineated how Secure Seal allegedly infringed multiple claims of the '110 patent. Nowhere in the

---

[1] Counts V and VI of the original complaint, concerning the '340 patent and the '624 patent, respectively, were voluntarily dismissed. Counts I, II, and III were brought against defendants other than Fiserv, in whose favor I granted summary judgment. Only Count IV, pertaining to Fiserv's alleged infringement of the '110 patent, remains.

infringement contentions or in any discovery responses did Advanced Software explicitly state that Fiserv induced others to infringe the '110 patent.

Advanced Software filed a motion for partial summary judgment of infringement on February 13, 2009. In that motion Advanced Software alleged that the Secure Seal product infringed the patent, without distinguishing between direct or induced infringement. The Statement of Uncontested Facts accompanying that motion listed a number of customers to whom Fiserv had sold or offered to sell its Secure Seal product. On May 22, 2009, Fiserv moved for summary judgment of non-infringement, and specifically argued that Advanced Software had not submitted evidence of induced infringement. It also pointed out that plaintiff's infringement contentions did not mention induced infringement.

I granted summary judgment for Fiserv, holding that Advanced Software had presented no evidence as to Fiserv's state of mind, and that induced infringement was not raised by plaintiffs on a timely basis. On appeal, the Federal Circuit held that a genuine issue of material fact existed as to whether Fiserv had the requisite specific intent to induce infringement, and vacated the ruling "to allow the court to . . . address whether summary judgment as to inducement is warranted solely based on Advanced Software's failure to raise that issue on a timely basis." *Advanced Software Design Corp. v. Fiserv*, 641 F.3d 1368, 1376 (Fed. Cir. 2011).

**Discussion**

Fiserv's only argument on the new motion for summary judgment is that Advanced Software did not timely raise the claim of induced infringement. Although I agreed with this argument before, upon reconsideration I believe that the notice was adequate. The December 6, 2007 Case Management Order provided a March 21, 2008 deadline for "all infringement contentions." The order did not specify what that meant, nor did it explicitly require details about whether the infringement was direct or indirect.[2]

The list of Advance Software's infringement contentions provided the specific technical reasons for its claim that Secure Seal contained each of the claim elements. The expert report did the same. This was an appropriate disclosure of Advanced Software's technical infringement contentions: the chart explained how plaintiff contended the Secure Seal product infringed the patent.

"In general, the purpose of preliminary infringement contentions is to provide defendants with notice of infringement beyond the claim language itself." *Shurtape Techs., LLC v. 3M Co.*, No. 5:11CV17, 2011 WL 4750586 at *2 (W.D.N.C. Oct. 7, 2011) (citing *Shared Memory Graphics LLC v. Apple, Inc.*, No. C10-2475, 2010 WL 5477477 at *3 (N.D. Cal. Dec. 30, 2010); *Whipstock Servs.,*

---

[2]The Eastern District of Missouri has now adopted Local Patent Rules, effective January 1, 2011, which require much more specific information, but those rules were not in effect when these events occurred.

*Inc. v. Schlumberger Oilfield Servs.*, No. 6:09CV113, 2010 WL 143720 at *1 (E.D. Tex. Jan. 8, 2010)). Rules requiring such disclosures "seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). The contentions provided by Advanced Software met this purpose by explaining its theories of how the Secure Seal product infringed the patent.

The disclosure neither specified nor negated claims of induced infringement. But the parties knew all along that except for actions taken by one Fiserv subsidiary, it was Fiserv's customers who actually used Secure Seal to validate checks. Under these circumstances, I believe my previous conclusion that Advance Software was introducing a "new theory of infringement" was incorrect. *Cf. Fenner Invs., Ltd. v. Hewlett-Packard Co.*, No. 6:08CV273, 2010 WL 786606 at *3 (E. D. Tex. Feb. 26, 2010) (denying request to strike expert report relating to induced infringement when induced infringement was not set out in infringement contentions).

The Court of Appeals noted that my summary judgment opinion did not distinguish between the "process" of Claim 1 and the "system" of Claim 9, and that it also did not distinguish between making and using a system. The reason for this, of course, is that the parties did not make these distinctions when they made their

other arguments.  Advanced Software continues to refer to Fiserv's customers' use of the Secure Seal "product" – not the process or system – once again strategically keeping its options open.  But from the beginning both parties recognized that Claim 1 and its dependent claims described a "process" while Claim 9 described a "system," and they also recognized that Fiserv sold Secure Seal to others.   The complaint could be read as alleging only that Fiserve induced infringement of the process set out in Claim 1, but it could also be interpreted as using the term "processes" generically.  Although it is clear that the complaint alleges induced infringement, it is not clear to me whether Advanced Software has alleged that the customers used both the process in Claim 1 and the system in Claim 9.  As the Federal Circuit pointed out, these are different things.  *See NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1316-18 (Fed. Cir. 2005).  That question, however, was not presented by the pending motion and briefs, and whether either or both can be proven at trial is not now before me.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#211] is denied.

**IT IS FURTHER ORDERED** that if either party believes the current Case Management Order requires amending, either because of this opinion or because of personal conflicts mentioned during the last telephone conference, counsel should

file an appropriate motion, after conferring with opposing counsel. Any motion to modify the Case Management Order must set out the position of both parties, and must be filed by **December 9, 2011**.

By separate order, this case is referred to mediation effective today, and that mediation must be completed no later than **January 20, 2012.**

                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE

Dated this 29th day of November, 2011.